**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4331**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY ALEXANDER LEVERETT,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00027-CCE-1)

Submitted: November 25, 2014      Decided: January 6, 2015

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Alexander Leverett appeals the judgment imposed following his conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Leverett received a forty-five-month sentence. In accordance with Anders v. California, 386 U.S. 738 (1967), Leverett's counsel has filed a brief certifying that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Leverett's motion to suppress evidence seized during execution of a search warrant, the issue preserved in the conditional plea. Although notified of his right to do so, Leverett has not filed a supplemental brief. We affirm.

When considering the denial of a suppression motion, we review de novo the district court's legal conclusions, and we review its factual findings for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the Government prevailed on the suppression issue below, we construe the evidence in the light most favorable to the Government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

Rather than addressing the validity of the search warrant at issue, we exercise our discretion to proceed directly to Leverett's challenge to the district court's application of the good-faith exception to the exclusionary rule set forth in

United States v. Leon, 468 U.S. 897, 919-21 (1984). United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009). When an officer acts with objective good faith within the scope of a search warrant issued by a magistrate, suppression of the evidence obtained by the officer does not serve the exclusionary rule's deterrence objective because the officer has attempted to comply with the law. United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004). Accordingly, evidence obtained pursuant to a search warrant should not be suppressed unless the officer's reliance on the warrant is not objectively reasonable because, among other circumstances not relevant here, the magistrate "wholly abandoned his judicial role" when issuing the warrant or the warrant was so facially deficient that the executing officer could not reasonably presume it to be valid. Leon, 468 U.S. at 923.

Applying the foregoing standards to the facts of this case, we hold that the district court did not err by applying the good-faith exception. When police know the identity of a confidential source, the warrant applicant's statement attesting to the source's prior reliability in other investigations can be sufficient to establish the source's reliability in the present case. United States v. Bynum, 293 F.3d 192, 193-94, 197-98 (4th Cir. 2002). Thus, where the warrant applicant here attested that the source had provided reliable information in prior

investigations and that the applicant oversaw the source's controlled purchase of powder cocaine from Leverett, it cannot be said that the magistrate "wholly abandoned his judicial role" when issuing the warrant. For the same reasons, the applicant could have reasonably presumed that the warrant was valid. Therefore, under Leon, any possible constitutional defects in the warrant would not require exclusion of the fruits of the search. Accordingly, the district court properly denied the motion to suppress.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Leverett's conviction and sentence. This court requires that counsel inform Leverett, in writing, of the right to petition the Supreme Court of the United States for further review. If Leverett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Leverett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4